IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THE BRADBURY CO., INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 03-1391-WEB |
| ) | |
| ANDRE TEISSIER-DUCROS, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |
| ) | |
| ANDRE TEISSIER-DUCROS and GEAN ) | |
| OVERSEAS, INC., ) | |
| ) | |
| Counter Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| THE BRADBURY CO., INC., et al., ) | |
| ) | |
| Counter Defendants. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

This matter is before the court on (1) defendants' objection to plaintiff's designation of certain documents as "Confidential" or "Attorneys Only" materials under provisions of the parties' stipulated protective order (Doc. 114) and (2) plaintiff's motion for discovery sanctions and to compel (Doc. 145). For the reasons set forth below, defendants' motion shall be GRANTED and plaintiff's motion shall be GRANTED IN PART.

## Background

The nature of this lawsuit and the relationships between the parties are relatively complex. Highly summarized, plaintiff is a Kansas corporation engaged in the manufacture of roll-forming and coil processing equipment.[1] Andre Teissier-duCros, Georgia Bevis, Gean Overseas, Inc, and Gean Overseas/Bossard, Inc. (the "duCros" defendants) provided consulting services to plaintiff from 1994 until 2001. The duCros defendants then began providing consulting services to ASC Machine Tools, Inc., one of plaintiff's competitors. In its claims for an injunction and damages, plaintiff alleges that the duCros defendants and ASC wrongfully appropriated confidential information and trade secrets.

### I. Designation of Materials Pursuant to Protective Order (Doc. 114)

Anticipating the production of confidential business and financial information during discovery, the parties submitted a stipulated protective order which was filed on February 10, 2004. (Doc. 28). The protective order is designed to facilitate the speedy exchange of materials by allowing each party to designate certain documents as "confidential" or "attorneys only."[2] Under the terms of the order, a party receiving disclosures so designated must preserve

---

[1] "Roll-forming" and "coil processing" machines are used to process sheets or coils of metal into various products by bending, shaping or cutting.

[2] While both designations restrict the disclosure of information, the designation of "attorneys only" is much more restrictive and prohibits disclosure to any director, officer or employee of a party.

the confidential nature of the materials pending further order of the court. The protective order also preserves the right of a party to challenge any designation of confidentiality. In essence, the order provides counsel with a "quick peek" of discovery materials without the need to bring every claim of confidentiality or trade secret before the court for review.

Unfortunately, communication and cooperation concerning the disclosure of information deteriorated and the duCros defendants now seek review of plaintiff's "designations." They complain that *plaintiff* designated the majority of the documents *produced by defendants* as "confidential" or "attorneys only" materials. They also contend that (1) not all materials designated by plaintiff warrant confidential treatment, (2) the designations impede defendants' ability to prepare their case, and (3) plaintiff's attempt to litigate in secret violates the public's right of access to court documents and proceedings.

Plaintiff counters that (1) the protective order allows it to designate documents produced by defendants as confidential, (2) defendants designated the very same documents as "attorney only" materials, (3) the protective order allows defendants to utilize documents they possessed before the case was filed, (4) many of the documents produced by defendants are unresponsive to discovery requests, and (5) the documents contain confidential and/or proprietary information. Plaintiff offers, in the alternative, to submit the documents to the court for an *in camera* review.

With respect to the first issue, the court is not persuaded that the provisions of the protective order allow plaintiff to designate *documents produced by defendants* as "confidential" or "attorney only." The first paragraph of the order provides:

> This Order shall be applicable to and govern all depositions, documents produced in response to requests for production of documents ... *that the disclosing party designates* as "Confidential Materials" or "Attorneys Only Materials" hereafter furnished ....

Stipulated Protective Order, Doc. 28 (emphasis added). Clearly, the protective order contemplates that the *producing party* is the party with authority to designate the materials as confidential.[3] Because *plaintiff's* "designations" of *documents produced by defendants* are not controlled by the protective order, the parties' remaining arguments are moot.

**IT IS THEREFORE ORDERED** that defendants' motion challenging plaintiff's designation of documents as "confidential" or "attorneys only" materials pursuant to the

---

[3] The practical implications of this ruling are not readily apparent. The documents in dispute were in defendants' possession prior to the filing of this lawsuit and Paragraph 14 of the protective order grants defense counsel and defendants full access to such documents. Stipulated Protective Order, paragraph 14. Thus, defendants' ability to confer with and assist their attorney has not been impaired by plaintiff's improper designation of defendants' documents as confidential. Moreover, defendants designated the same documents as "attorneys only" materials.

protective order **(Doc. 114)** is **GRANTED.**[4]

## 2. Motion for Sanctions and to Compel (Doc. 145)

Plaintiff's motion involves two different discovery disputes with the duCros defendants: (1) a request for sanctions under Fed. R. Civ. P. 37(b) for failure to comply with the court's previous order compelling production of documents and (2) a motion to compel responses to plaintiff's first set of interrogatories and second request for production of documents. As explained in greater detail below, the motion shall be granted in part.

### The Request for Sanctions and July 9, 2004 Order

Plaintiff's request for sanctions arises in the following context. On February 11, 2004, plaintiff served its first request for production of documents on the duCros defendants. Defendants objected to all 27 production requests with the following statements:

> Counsel for these Defendants object to request for production of documents numbered 1 through 27 on the grounds that they are overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the

---

[4]

Plaintiff argues vigorously that the documents in dispute contain confidential and proprietary business information; however, plaintiff has not provided sufficient information from which the court can determine whether all of the documents in issue warrant a protective order.

The court anticipates that plaintiff may move for a new protective order. Before filing such motion, the parties shall confer in an effort to resolve the disputed documents and need for another order. If unable to reach agreement, the motion for a new protective order shall discuss each disputed document in detail and provide sufficient information from which the court can determine whether a protective order is warranted. For example, if the business event occurred in 1995, plaintiff shall explain why information for an event that happened ten years ago warrants a protective order.

> discovery of admissible evidence. Said requests are also vague, ambiguous, overbroad, and not reasonably limited in scope or time. The requests clearly involve such a wide range of documentation or information that could not reasonably be collected, reviewed, and produced without severe financial hardship.
> Answering further, these Defendants have identified and/or produced any and all relevant discoverable documents covered by these requests in their initial disclosures.

Plaintiff moved to compel, arguing that the duCros defendants failed to properly respond to its 27 requests for the production of documents. Specifically, plaintiff asserted that (1) defendants failed to answer the individual production requests as required by Fed. R. Civ. P. 34 and (2) it was impossible to tell whether defendants had produced all documents related to the production requests. Defendants countered that they had sufficiently answered the production requests when they produced "more than 2,000 pages of documents, catalogued in chronological order" in their initial disclosures. Defendants' Response, Doc. 75. In response to the criticism that plaintiff was unable to determine whether defendants had produced all responsive documents, defendants simply asserted that "Plaintiff is in possession of copies of any and all documents to which it is entitled." Id.

The court rejected defendants' argument that their initial disclosures under Fed. R. Civ. P. 26(a) sufficiently answered plaintiff's first set of production requests and, with one minor exception concerning tax returns, granted plaintiff's motion to compel and ordered production by July 29, 2005. Order, Doc. 85, filed July 9, 2004. Defendants produced 3,871 documents by July 29, but plaintiff discovered that defendants had redacted information from certain documents with the notation "restricted" and that pages covering specific time periods were

missing from calendars. Unsuccessful in informally securing the redacted/missing information, plaintiff now moves for sanctions for failure to comply with the court's order to produce documents.

In response to plaintiff's request for sanctions, defendants argue that the motion is untimely pursuant to D. Kan. Rule 37.1 because it was not filed within 30 days of the production date of July 29. This argument is misguided because the 30 day deadline in D. Kan. Rule 37.1 applies to motions *to compel under Fed. R. Civ. P. 37(a)*; plaintiff's motion for sanctions is based on *Fed. R. Civ. P. 37(b).*

Defendants next argue that plaintiff should have sought an order to compel rather than sanctions after receiving the July 29 production. This argument is also rejected. The court granted plaintiff's motion to compel and ordered defendants to produce the documents by July 29. Despite that order, defendants unilaterally redacted information from certain documents. Plaintiff was well within its rights in moving for sanctions under Fed. R. Civ. P. 37(b), the provision dealing with a party's failure to comply with a discovery order.

In a related but confusing argument, defendants contend that they are permitted to assert new objections in connection with their document production of July 29. The court finds no support for this argument, either in the law or the facts of this case. As noted above, plaintiff moved to compel the production of documents and the court granted the motion. Defendants' suggested approach of allowing new objections and arguments <u>after</u> a ruling on a motion to compel would result in piecemeal litigation, unnecessary delay, and a waste of resources. The

court rejects defendants' nonsensical attempt to argue new objections to production.[5]

Before imposing sanctions, the court will grant defendants a limited opportunity to produce the redacted materials. Failure to comply with this order may result in a finding of contempt and/or any of the other sanctions authorized by Fed. R. Civ. P. 37(b)(2).

**IT IS THEREFORE ORDERED** that plaintiff's motion for sanctions **(Doc. 145-1)** is **GRANTED IN PART.** Defendants shall produce the redacted materials by **May 6, 2005.** The court will defer the imposition of further sanctions pending a report from plaintiff by **May 13, 2005** as to whether the redacted materials have been produced.

### Motion to Compel Recent Discovery Requests

As noted above, in addition to moving for sanctions, plaintiff also moves to compel responses to a more recent set of discovery requests. On December 22, 2004, plaintiff served its First Set of Interrogatories and Second Set of Production Requests on the duCros defendants. After this motion was filed (February 23), defendants finally answered the interrogatories on March 21, 2005. Defendants acknowledge their shortcomings in providing discovery responses and "agree to respond promptly." Accordingly, the motion to compel shall be granted and a deadline for production established.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 145-2)** is **GRANTED.** If document production has not yet been completed, defendants shall produce

---

[5] Equally important, defendants proffer no coherent explanation for their redactions or the specific grounds for asserting that the redacted material is "restricted."

the documents responsive to plaintiff's second set of production requests by **May 6, 2005.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 22nd day of April 2005.

                                                                      S/ Karen M. Humphreys
                                                                       _____
                                                                       KAREN M. HUMPHREYS
                                                                       United States Magistrate Judge