IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THE BRADBURY CO., INC.,                          )
                                                 )
              Plaintiff,                          )
                                                 )
v.                                               )
                                                 )
                                                 )
ANDRE TEISSIER-duCROS; GEORGIA                   )
P. BEVIS; GEAN OVERSEAS, INC.;                   )
GEAN OVERSEAS/BOSSARD, INC;                      )
and ASC MACHINE TOOLS, INC.,                     )
                                                 )
              Defendants.                         )
_____             )         Case No. 03-1391-WEB
                                                 )
ANDRE TEISSIER-duCROS and GEAN                   )
OVERSEAS, INC.,                                  )
                                                 )
              Counter Plaintiffs                 )
                                                 )
v.                                               )
                                                 )
                                                 )
THE BRADBURY CO., INC., STRILICH                 )
TECHNOLOGIES, INC., AMERICAN                     )
MACHINE & ROLLFORM TECH, INC.,                   )
MARION DIE & FIXTURE, HAYES                      )
INTERNATIONAL, AND BECK                          )
AUTOMATION, LLC d/b/a THE BRADBURY               )
GROUP; DAVID BRADBURY, in his individual         )
capacity; and CHAD BRADBURY, in his              )
individual capacity,                             )
                                                 )
              Counter Defendants.                )
_____             )


**Memorandum and Order**

This matter is before the court on the defendants' motion for a protective order.  (Doc. 202).

Plaintiff has responded to the motion and has requested expedited consideration. (Doc. 203). On July 6, 2005, the court telephoned counsels' respective offices and determined that the soonest time all counsel could be available for a conference call would be sometime in mid to late July. Because the court wants to avoid unnecessary delay and because the materials before the court are sufficient to frame the issues, the court enters the following order based upon the written submissions of the parties.

The defendants (other than defendant ASC Machine Tools) move the court for a protective order in connection with the deposition of defendant Andre Teissier-duCros. According to them, an oral agreement was reached between defense counsel and counsel for plaintiff that the depositions of Mr. Teissier-duCros, David Bradbury, David Cox and Chad Bradbury would all be taken at the same time in Wichita, Ks. A considerable amount of time passed after the alleged agreement, however, and plaintiff's counsel later disputed whether there was such an agreement. Defendants claim that further negotiations resulted in a second agreement pursuant to which plaintiff's counsel agreed that Mr. Teissier-duCros' deposition would be taken on June 27-28th, but that the deposition would not be transcribed until the subsequent completion of David Bradbury's deposition. Plaintiff's counsel now disputes whether there was any such second agreement.

Defendants' motion alleges that "[t]he proposal which counsel for these Defendants believed was agreed upon is reasonable in light of all the circumstances, and [has] already prevented numerous disputes over the place and times of depositions." They ask the court to issue a protective order "directing the court reporter not to transcribe the deposition of Dr. duCros until such time as the deposition of David Bradbury has been completed." In the alternative, defendants request that they be allowed to immediately schedule and take the depositions of David and Chad Bradbury "without any delay as a result of the filing of a

2

Motion for Protective Order."  Doc.  202 at 4-5.  In response, plaintiff denies the existence of the agreements alleged by defense counsel and further asserts that any delay in the transcription of Mr. Teissier-duCros' deposition would impair plaintiff's ability to meet upcoming discovery and expert deadlines.

Under Fed.R.Civ.P. 26(c) the court has discretion, upon good cause shown, to enter protective orders required by the interests of justice.  *Thomas v. IBM*, 48 F.3d 478, 482 (10th Cir.1995).  Under the current circumstances, however, the court cannot find grounds for issuance of such an order.  Given the conflicting representations from counsel about whether or not there was an agreement respecting the deposition of Mr. Teissier-duCros, and the lack of contemporaneous written documentation, the court cannot say that justice requires the relief sought.  *Cf. VNA Plus, Inc. v. Apria Healthcare Group, Inc.*, No. 98-2138, 1999 WL 386949 (D. Kan., June 8, 1999) ("The court declines to enforce an informal agreement which the parties dispute. They could have entered into a written stipulation in accordance with Fed.R.Civ.P. 29....").  Nor can the court say the interests of justice otherwise warrant the issuance of a protective order.  The order sought by defendant -- a delay in transcription of the deposition -- would be of little practical significance given that the parties attended the deposition and already know the contents of the transcript.  At the same time such an order would have the real potential of causing needless delay in the deadlines previously established for discovery.  Moreover, the court believes defendants' alternative request to alter the timing of the depositions of David and Chad Bradbury would raise more conflicts than it would solve, such that the interests of justice do not favor altering the existing schedule for the taking of these depositions.

_Conclusion_.

Defendants' Motion for Protective Order (Doc. 202) is hereby DENIED.  IT IS SO ORDERED

this 7th  Day of July, 2005, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge