**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| The Bradbury Co., Inc. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Andre Teissier-duCros; Georgia | ) | |
| P. Bevis; Gean Oversease, Inc.; | ) | |
| Gean Overseas/Bossard, Inc.; | ) | |
| and ASC Machine Tools, Inc., | ) | |
| | ) | |
| Defendants. | ) | Case No. 03-1391-WEB |
| Andre Teissier-duCros and Gean | ) | |
| Overseas, Inc., | ) | |
| | ) | |
| Counter Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| The Bradbury Co., Inc.; Strilich | ) | |
| Technologies, Inc.; American | ) | |
| Machine & Rollform Tech, Inc.; | ) | |
| Marion Die & Fixture; Hayes | ) | |
| International; and Beck Automation; | ) | |
| David Bradbury, in his individual | ) | |
| capacity; and Chad Bradbury, in his | ) | |
| individual capacity, | ) | |
| | ) | |
| Counter Defendants. | ) | |

MEMORANDUM AND ORDER

Now before the Court is the motion by Hayes International (Hayes) to join the action as a plaintiff.

The Court has jurisdiction over this case under 28 U.S.C. §1332 and it is not disputed.

The Court joined Hayes as a counter defendant in its January 2005 Order. (Doc. 126). Hayes

filed a motion to dismiss on March 18, 2005 which was granted in part and denied in part on August 31,

2005.  (Doc. 225).  On July 25, 2005 Hayes filed a motion for joinder to be a plaintiff in this case.  (Doc.

208).  Hayes argues that four separate rules of civil procedure support its motion.


### I.  Federal Rule of Civil Procedure 17(a)

Hayes states that it is a real party in interest; hence, it should be joined as a plaintiff to protect its

interests.  Hayes supports its position with the following facts and allegations: it is mentioned once in the

complaint, it is already joined as a counter defendant, and it is a party to the 1999 contract.  Hayes cites

the following portions of Rule 17(a):

> Every action shall be prosecuted in the name of the real party in interest...No action shall be
> dismissed on the ground that it is not prosecuted in the name of the real party in interest until a
> reasonable time has been allowed after objection for ratification of commencement of the action
> by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or
> substitution shall have the same effect as if the action had been commenced in the name of the real
> party in interest.

Fed. R. Civ. P. 17 (a).

> There are two functions to Rule 17(a).
>
> [T]he modern function of the rule in its negative aspect is simply to protect the defendant against
> a subsequent action by the party actually entitled to recover, and to insure generally that the
> judgment will have its proper effect as res judicata.
> ...
> The provision...is intended to prevent forfeiture when determination of the proper party to sue is
> difficult or when an understandable mistake has been made.

Id. Advisory Committee's Notes (1966); *Garcia v. Hall*, 624 F.2d 150, 151 n3 (10th Cir. 1980).

Hayes does not argue that its joinder would advance either of the two purposes under Rule 17(a).

Hayes does not allege a mistake nor any difficulty in determining if it was a proper party to sue.  *See*

*Scheufler v. General Host Corp.*, 126 F.3d 1261, 1270 (10th Cir. 1997) (joinder under 17(a) not an abuse of discretion because of a mistake in determining the legal significance of documents assigning tenants' claims to landlords).

Additionally, joinder is not needed to protect defendant from a subsequent action by the party actually entitled to recover.  Hayes' assertion that it is a real party in interest is unsupported by the complaint. *Federal Deposit Ins. Corp. v. Geldermann, Inc.*, 975 F.2d 695, 698 (10th Cir. 1992) ("the real party in interest is the one who, under applicable substantive law, has the legal right to bring the suit") (internal quotations and citations omitted).  The nearly seventeen page complaint mentions Hayes only once and it does not allege any cause of action or damages on Hayes' behalf.  Hayes asserts in its motion that it suffered from the same wrongdoing as that which Bradbury alleged in the complaint.  However, if joined, Hayes would have to amend the complaint to add itself to the causes of action.  This need to amend shows that Rule 17(a) does not support Hayes' motion. *See Advanced Magnetics, Inc. v. Bayfront Partners, Inc.,* 106 F.3d 11, 20 (2d Cir. 1997) ("A Rule 17(a) substitution of plaintiffs should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants").

Moreover, defendants object to the joinder of Hayes.  Therefore it would be inapposite for the Court to join Hayes when the defendants themselves do not seek Rule 17(a)'s protections.  Because joinder under Rule 17(a) would not advance either of the twin purposes elucidated above, the Court will not grant Hayes' motion based on Rule 17(a).

## II.  Federal Rule of Civil Procedure 18(a)

3

Hayes next argues that its joinder as a plaintiff is appropriate under Rule 18(a).  Fed. R. Civ. P.

18(a).  Rule 18(a) states:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third party claim may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

Id.

Hayes' reliance on this rule is misplaced.  The text of this rule clearly relates to the joinder of claims

not parties.  See 6A Wright, Miller, & Kane, Federal Practice and Procedure Civil 3d § 1585, p. 530

(2001) (Rule 18(a) concerns only the joinder of claims and not with joinder of parties).  Indeed the title of

Rule 18 unambiguously proclaims its purpose as the "Joinder of Claims and Remedies."  Id.  Hayes' motion

to join as a plaintiff cannot be granted pursuant to rule 18(a).


### III.  Federal Rule of Civil Procedure 19(a)

Hayes next argues that under Rule 19(a), joinder is necessary for the just adjudication of claims.

Rule 19(a) has the title "Joinder of Persons Needed for Just Adjudication" and it states:

> (a) Persons to be Joined if Feasible.  A person...shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a).

Under the first prong, Hayes cannot show nor does it argue that in its absence, complete relief

cannot be accorded among those already parties.  Hayes claims it meets the second prong in 19(a)(2)(i)

4

because it has an interest in the action and if it is not joined in the complaint, those interests would be adversely affected.  Hayes fails to show how its interests would be adversely affected without joinder. Conversely, Hayes' interests would not be adversely affected because it still has the right under the under the Rules of Civil Procedure to assert counterclaims and cross-claims.  See Fed. R. Civ. P. 12 (a)(4)(A).[1] Therefore, Rule 19(a)(2)(i) does not warrant joinder.

Hayes cannot show nor does it argue that Rule 19(a)(2)(ii) supports its motion.  The Bradbury complaint does not state a claim for Hayes; therefore, the defendants would not be subject to inconsistent obligations.  The Bradbury complaint mentions Hayes only to state that defendant ASC competed with Bradbury and Hayes; moreover, Hayes is not included in any of the five counts nor is it included in the request for damages.  (Compl. at 10-17).  Because Hayes fails to show that it is a necessary party, compulsory joinder under Rule 19(a) is inappropriate.

## IV.  Federal Rule of Civil Procedure 21

Hayes next argues that Rule 21 supports its quest for joinder.  Rule 21 is titled "Misjoinder and Non-Joinder of Parties" and states:

> Misjoinder of parties is not ground for dismissal of an action.  Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just...

Fed. R. Civ. P. 21.

Hayes fails to show why joinder as a plaintiff would be just.  Under no other Rule of Civil Procedure is joinder appropriate and as stated earlier, Hayes can have its day in court by filing a counter

---

[1] Hayes noted the same in its reply brief.  (Doc. 219 at 3, 4).

claim or cross claim.  Fed. R. Civ. P. 12; (Doc. 229).  Consequently, the Court declines to join Hayes

under Rule 21.  *See Jett v. Phillips & Associates,* 439 F.2d 987, 990 (10th Cir. 1971) (Court has

discretionary power under Rule 21 to add parties).


IT IS THEREFORE ORDERED that Counter Defendant Hayes' Motion for Joinder (Doc. 208)

be DENIED.

SO ORDERED this 19th   day of September 2005.


 s/ Wesley E. Brown

Wesley E. Brown, U.S. Senior District Judge