# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| The Bradbury Co., Inc. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Andre Teissier-duCros; Georgia | ) | |
| P. Bevis; Gean Oversease, Inc.; | ) | |
| Gean Overseas/Bossard, Inc.; | ) | |
| and ASC Machine Tools, Inc., | ) | |
| | ) | |
| Defendants. | ) | Case No. 03-1391-WEB |
| Andre Teissier-duCros and Gean | ) | |
| Overseas, Inc., | ) | |
| | ) | |
| Counter Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| The Bradbury Co., Inc.; Strilich | ) | |
| Technologies, Inc.; American | ) | |
| Machine & Rollform Tech, Inc.; | ) | |
| Marion Die & Fixture; Hayes | ) | |
| International; and Beck Automation; | ) | |
| David Bradbury, in his individual | ) | |
| capacity; and Chad Bradbury, in his | ) | |
| individual capacity, | ) | |
| | ) | |
| Counter Defendants. | ) | |

MEMORANDUM AND ORDER

Now before the Court are Defendant ASC's motion to compel production of documents requested

by subpoena and Plaintiff's motion to quash subpoena, for a protective order, and request for attorney fees.

Fed. R. Civ. P. 45(c)(2)(B); Fed. R. Civ. P. 45(c)(3); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(4);

(Doc. 226, 238).

## I.  BACKGROUND

ASC has asserted a right under Kan. Stat. Ann. § 60-3323 for an award of attorney fees because

Bradbury Company Inc. (Bradbury) has allegedly made a claim of misappropriation of trade secrets in bad

faith.  ASC's bad faith claim stems from an allegation that Plaintiff was preparing for the case *sub judice*

while also negotiating a settlement agreement in a different lawsuit.  This settlement agreement stated that:

"[t]he parties desire to avoid future litigation insofar as is reasonably possible..."  (Pl. Ex. A).  ASC argues

that the preparation for this lawsuit while making the above representation at the settlement agreement

shows that Plaintiff brought its trade secrets claim in bad faith.

This motion seeks to compel Plaintiff's counsel Michael Kennalley (Kennalley) to disclose billing

statements from September 01, 2003 to November 4, 2003.  These billing statements will show when

Plaintiff's counsel began preparing for the case *sub judice*.  Kennalley has filed a motion to quash

Defendant's subpoena and has requested a protective order on the grounds that the billing statements are:

1) not relevant; 2) protected by the attorney-client privilege; 3) protected by the work product doctrine;

5) contain confidential commercial information; and 6) were not timely requested nor were they in

accordance with discovery rules.  (Doc. 238, 239, 252).  The Court agrees with Plaintiff that the billing

statements are irrelevant; therefore, this holding will address those issues related to relevancy.

## II.  ANALYSIS

Irrelevance is not among the litany of enumerated reasons for quashing a subpoena found in Rule

45.  Fed. R. Civ. P. 45(c)(3); *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter*, 211

F.R.D. 658, 662 (D. Kan. 2003).  However, courts have incorporated relevance as a factor when determining motions to quash a subpoena.  *Id.*  The standard of relevance for materials requested under subpoena is the same as it is under the general discovery provisions in Rule 26(b).  *Id.*

The scope of discovery is defined by Fed. R. Civ. P. 26(b)(1), which states in part, "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action...".  Fed. R. Civ. P. 26(b)(1).  "The key phrase in this definition – 'relevant to the subject matter involved in the pending action' – has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in this case." *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978).  A request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Snowden v. Connaught Lab., Inc.*, 137 F.R.D. 336, 341 (D. Kan. 1991); see Fed. R. Civ. P. 26(b)(1).

The relevant part of the Kansas Uniform Trade Secrets Act (KUTSA) reads, "[i]f (i) a claim of misappropriation is made in bad faith...the court may award reasonable attorney's fees to the prevailing party." Kan. Stat. Ann. § 60-3323.  The Kansas Supreme Court has not defined bad faith as used in this act; however, federal courts in this district have denied attorney fees for bad faith when sufficient evidence supports the trade secrets claims. *Curtis 1000 v. Pierce*, 905 F. Supp. 898, 902 (D. Kan. 1995); *Andrew Corp. v. Van Doren Industries, Inc.,* No. 88-2414, 1990 U.S. Dist. LEXIS 1232, at \*14 (D. Kan. July 5, 1990).  Other jurisdictions that have been confronted with this issue have used bad faith in a similar manner or have outright defined bad faith in the Uniform Trade Secrets Act (UTSA) as a frivolous claim or one brought without justification or supporting evidence. *Contract Materials Processing v.*

3

*Kataleuna GmbH Catalysts*, 222 F. Supp. 2d 733, 744-745 (D. Md. 2002)*; Ex parte Waterjet Sys., Inc.,* 758 So. 2d 505, 509 (Ala. 1999); *Gemini Aluminum Corp. v. Cal. Custom Shapes*, 95 Cal. App. 4th 1249, 1263 (Cal. Ct. App. 2002); *Tritec Assocs., Inc. v. Stiles Mach., Inc.,* 48 Va. Cir. 40, 43-44 (Va. Cir. Ct. 1999); *Russo v. Baxter Healthcare Corp.,* 51 F. Supp. 2d 70, 76 (D. R. I. 1999); *IVS Hydro, Inc. v. Robinson*, 93 Fed. Appx. 521, 528-529 (4th Cir. 2004).   These cases from other jurisdictions are persuasive as the KUTSA states, "this act shall be applied and construed to effectuate its general purpose to make uniform the law with respect to the subject of this act among states enacting it".[1]  Kan. Stat. Ann. § 60-3327.

Moreover, the comments in the UTSA support the narrow definition of bad faith found in the above cases.  This is highly persuasive because the rules of statutory construction "provide that when the Kansas Legislature adopts a statute from a uniform law, it carries with it the construction placed on that statute by the drafters, except when contrary to the Kansas Constitution or public policy."  *Earth Scientists (Petro Services), Ltd. v. United States Fidelity*, 619 F. Supp. 1465, 1471 (D. Kan. 1985); *In re Estate of Reed,* 664 P.2d 824, 832, 233 Kan. 531, 541 (1983).   The UTSA comments state that the act "allows a court to award reasonable attorney fees to a prevailing party as a deterrent to specious claims of misappropriation..."  Unif. Trade Secrets Act § 4, 14 U.L.A. 460 (Supp. 2005).

Furthermore, a plain reading of the statute itself does not support Defendant's definition of bad faith

---

[1] The Tenth Circuit interprets state laws according to state rules of statutory construction. *Ward v. Utah*, 398 F.3d 1239, 1248 (10th Cir. 2005).  "The Kansas Supreme Court has explained that it "is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained."  *United States v. Riccardi*, 258 F. Supp. 2d 1212, 1221 (10th Cir. 2005) (*quoting State ex rel. Stovall v. Meneley,* 22 P.3d 124, 143, 271 Kan. 255, 278 (2001)).

as it is a "fundamental rule of statutory construction that all parts of a statute must be read together."
*United States v. Diaz,* 989 F.2d 391, 392 (10th Cir. 1993) (citations omitted).  The statute allows for an
award of "reasonable attorney's fees *to the prevailing party.*"  Kan. Stat. Ann. § 60-3323 (emphasis
added).  Black's Law Dictionary 1145 (7th ed. 1999) defines prevailing party as "[a] party in whose favor
a judgment is rendered...[a]lso termed successful party".  According to Defendant, bad faith exists because
Bradbury made representations about desiring to avoid future litigation while contemporaneously planning
to sue in the case *sub judice*.  This is a concept of bad faith that is quite unrelated to the merits of Plaintiff's
trade secrets claim.  Consequently, under Defendant's definition, it would be possible for Plaintiff to be the
prevailing party on the merits yet pay attorney fees to Defendant.  It is difficult to reconcile such a result
with the language of the statute.  *Cf. Hewitt v. Helms*, 482 U.S. 755, 760 (1987) (ordinary language of
civil rights statute requires that party receive some relief on the merits before he can be a prevailing party
and receive attorney fees).

Given the cases from the District of Kansas and other jurisdictions, comments from the UTSA and
a plain reading of the statute, the Court holds that Kansas courts would define bad faith in the KUTSA as
a frivolous action or one brought with no supporting evidence.  Because the billing statements will not show
bad faith as defined in the KUTSA, they are not relevant.

As stated earlier, relevance is a factor when evaluating a motion to quash a subpoena that subjects
a person to undue burden.  *Goodyear*, 211 F.R.D. at 662; Fed. R. Civ. P. 45(c)(3)(A)(iv).

Whether a subpoena imposes an undue burden upon a witness is a case specific inquiry that turns
on such factors as relevance, the need of the party for the documents, the breadth of the document
request, the time period covered by it, the particularity with which the documents are described
and the burden imposed.  Courts are required to balance the need for discovery against the burden
imposed on the person ordered to produce documents, and the status of a person as a non-party

5

is a factor that weighs against disclosure.

*Id.* (internal quotations and citations omitted).

In this situation, the irrelevance of the materials under subpoena is the determining factor. Defendant has stated no other need for the billing statements; moreover, the breadth and particularity of the document request, the time period, and the burden to Kennalley are unreasonable because the billing statements are irrelevant. Additionally, Kennalley's status as a non-party in this litigation is another factor which weighs against disclosure. Consequently, the Court holds that Defendant's subpoena would subject Kennalley to an undue burden; therefore, Plaintiff's motion to quash is granted and Defendant's motion to compel is denied. Fed. R. Civ. P. 45(c)(3)(A)(iv); Fed. R. Civ. P. 45(c)(2)(B); *see Oppenheimer,* 437 U.S. at 352 (It is proper to deny discovery of matter that is relevant only to defenses that have been stricken); *see also Johnson v. W.H. Stewart Co.*, 75 F.R.D. 541, 543 (W.D. Okla. 1976) (motion to compel discovery about Defendant's net worth denied because plaintiff not legally entitled to punitive damages).

Denying a motion to compel invites consideration of Fed. R. Civ. P. 37(a)(4)(B). This rule states:

If the motion is denied, the court ... shall after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them to pay to the party...who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(B).

The Court finds that attorney fees are not warranted. The issues in the case *sub judice* had not yet been conclusively addressed in this jurisdiction; hence, a broad reading of the statute, while inconsistent with today's holding, was not substantially unjustified. Each party shall bear their own fees and expenses.

6

Plaintiff has also requested a protective order under Rule 26(c).  Fed. R. Civ. P. 26(c).  It is within the sound discretion of the court to enter a protective order.  *Thomas v. IBM*, 48 F.3d 478, 482 (10th Cir. 1995).  "[A] party is entitled to request a protective order to preclude any inquiry into areas that are clearly outside the scope of appropriate discovery."  *Caldwell v. Life Ins., Co. of N. Am.*, 165 F.R.D. 633, 637 (D. Kan. 1996).  The Court has already determined that the documents requested in the motion to compel are not relevant; hence, they are not materials available on discovery and a protective order is justified. Fed. R. Civ. P. 26(c)(1).

The Court expresses no opinion regarding ASC's motion for attorney fees under the KUTSA based on the frivolous nature of Plaintiff's trade secret claim.  (ASC Am. Answer at 7, ¶ ¶ 5, 6).

IT IS THEREFORE ORDERED that Defendant ASC Motion to Compel (Doc. 226) be DENIED;

IT is further ORDERED that Plaintiff Bradbury's Motion to Quash Subpoena and for a Protective Order (Doc. 238) be GRANTED but the Motion for attorney fees (Doc. 238) be DENIED;

SO ORDERED this 3rd  day of November, 2005.

s/ Wesley E. Brown

Wesley E. Brown, U.S. Senior District Judge

7